IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOE ALVAREZ, Individually and as Representative of the Estate of Sanjuanita Rosas,, Deceased, et al.<br><br>Plaintiffs,<br><br>VS.<br><br>TOYOTA MOTOR CORPORATION,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§ Civil Action No. 3:06-CV-0340-D<br>§<br>§<br>§<br>§<br>§ |

MEMORANDUM OPINION
AND ORDER

In this removed action, plaintiffs move for leave to file a first amended complaint to add Jiovhany Guillen ("Guillen"), a non-diverse party whose joinder would destroy complete diversity, as a defendant. Defendant Toyota Motor Corporation ("Toyota") moves to designate Guillen as a responsible third party. For the reasons that follow,[1] the court denies plaintiffs' motion and grants Toyota's motion.

I

This lawsuit arises from a vehicular accident on September 11, 2004. Guillen was the driver of a Toyota 4 Runner in which

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[ ] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

plaintiffs' decedent—Sanjuanita Rosas ("Rosas")—was a passenger.[2] Guillen—who failed to control his speed and operated the vehicle while under the influence of alcohol—lost control of the car, causing it to roll over. Rosas—who was seated in the center rear seat wearing a lap seat belt—was ejected from the vehicle and died. Guillen later pleaded guilty to intoxication manslaughter arising from his conduct and was sentenced to prison for ten years.

Plaintiffs filed suit in county court against Toyota on December 29, 2005, seeking to recover on theories of products liability and negligence. Toyota removed the case to this court on February 23, 2006, based on diversity of citizenship. On April 4, 2006 plaintiffs filed a motion for leave to file a first amended complaint. On April 24, 2006 Toyota filed a motion to designate Guillen as a responsible third party.

II

Plaintiffs move for leave to file a first amended complaint to add Guillen as a defendant. Because plaintiffs are Texas citizens, plaintiffs'[3] joinder of Guillen, also a Texas citizen, would destroy diversity of citizenship. Because the joinder of Guillen would destroy subject matter jurisdiction, under 28 U.S.C.

---

[2]Plaintiffs are the sons of Rosas. *See* Pet. ¶¶ 2-4.

[3]Toyota's joinder of Guillen as a third-party defendant, however, would not destroy complete diversity. Toyota filed on May 3, 2006 a motion to join Guillen as a third-party defendant. The motion will be decided in due course, after it becomes ripe.

§ 1447(e) the court is permitted to deny joinder or to permit joinder and remand the case to county court.[4] To determine whether to allow post-removal joinder that would defeat complete diversity, the court must consider (1) whether plaintiffs' purpose is to defeat federal jurisdiction; (2) whether plaintiffs have been dilatory in asking for an amendment; (3) whether plaintiffs will be significantly injured if amendment is not allowed; and (4) any other factors bearing on the equities. *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987).

As to the first factor, plaintiffs acknowledge that one reason for adding Guillen is because Toyota removed the case, but they maintain that this is not the main factor. Instead, they posit that—as Toyota notes in its motion to designate Guillen as a responsible third party—they have a viable claim against him under Texas law. The court holds that plaintiffs' purpose in seeking to join Guillen as a defendant is to defeat federal jurisdiction. Had they intended to sue so obvious a defendant as the driver of the vehicle, who allegedly was driving under the influence of alcohol and speeding, they would have done so at the outset. They would not have waited until after Toyota removed the case.

---

[4]28 U.S.C. § 1447(e):

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

- 3 -

Concerning the second factor, the court finds that plaintiffs were not dilatory in asking for an amendment. They filed suit on December 29, 2005, and Toyota removed the case on February 23, 2006. Plaintiffs filed their April 4, 2006 motion for leave to file first amended complaint just over 90 days after filing suit originally, and approximately 40 days after Toyota removed the case.

With respect to the third factor—whether plaintiffs will be significantly injured if amendment is not allowed—the court finds that they will not be. According to the record, Guillen is an uninsured driver who is serving a prison sentence for intoxication manslaughter based on his conduct in causing the accident in question. Plaintiffs have not shown that their inability to join him as a party will deprive them of a monetary recovery directly from his assets or from those of available insurance.

Concerning the fourth factor, the court holds that there are no other factors bearing on the equities that warrant granting or denying plaintiffs' attempt to join Guillen as a defendant.

Assessing the four factors together, the court holds that plaintiffs are seeking to add Guillen as a defendant to destroy diversity jurisdiction and that denying them the opportunity to do so will not significantly injure them by depriving them of a monetary recovery. The court therefore denies their motion.

III

Toyota moves to designate Guillen as a responsible third party under Tex. Rev. Civ. Stat. Ann. § 33.004 (Vernon Supp. 2005). Plaintiffs oppose the motion on the ground that third-party practice in federal court is governed by Fed. R. Civ. P. 14 rather than § 33.004.[5] They also argue that § 33.004 is a procedural statute that does not control in a federal diversity case, and that Rule 14 governs. This court has applied § 33.004 in a diversity case, *see Womack v. Home Depot USA, Inc.*, No. 3:06-CV-0285-D (N.D. Tex. Apr. 14, 2006) (Fitzwater, J.) (order), and it will continue to do so until persuaded that the statute does not apply.

Under § 33.004(f) and (g), the court must grant such leave unless another party timely objects and establishes that the defendant did not plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirements[6] and, having been granted leave to replead, fails to plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirements. Plaintiffs, the

---

[5]If the court later grants Toyota's motion to join Guillen as a third-party defendant, *see supra* note 3, this argument would appear to be mooted by Toyota's decision to follow the Rule 14 procedure.

[6]The statute refers to "the pleading requirement of the Texas Rules of Civil Procedure," *see* § 33.004(g)(1) (singular), and "the pleading requirements of the Texas Rules of Civil Procedure," *id.* § 33.004(g)(2) (plural). The court suggests no view concerning whether in a diversity case the court must apply Texas pleading requirements.

objecting parties here, have failed to make this showing. Accordingly, Guillen is designated as a responsible third party under § 33.004.

In granting this relief, the court does not suggest that the provisions of § 33.004 that impose time limitations on seeking leave or objecting to motions for leave would apply in a diversity case to circumvent a scheduling order that imposes other deadlines. The court raises this matter because under § 33.004(*l*), after adequate time for discovery, plaintiffs are entitled to move to strike defendant's designation on the ground that there is no evidence that the designated person is responsible for any portion of their alleged injuries or damages.  This motion, if filed, must be filed no later than the April 1, 2007 deadline to file a motion not otherwise covered in the scheduling order.

\*     \*     \*

Plaintiffs' April 4, 2006 motion for leave to file first amended complaint is denied, and Toyota's April 24, 2006 motion to designate Guillen as a responsible third party is granted.

**SO ORDERED.**

May 8, 2006.

                                             _____
                                             SIDNEY A. FITZWATER
                                             UNITED STATES DISTRICT JUDGE